Andrew D. Skale (SBN 211096)
askale@mintz.com
Natalie A. Prescott (SBN 246988)
naprescott@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: (858) 314-1500
Facsimile: (858) 314-1501

Attorneys for Plaintiff
AAF NATION, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAF Nation, LLC, a Maryland Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>M.J. Soffe, LLC, a North Carolina Limited Liability Company,<br><br>Defendant. | Case No. '16CV2048 LAB KSC<br><br>**PLAINTIFF AAF NATION, LLC'S COMPLAINT FOR:**<br><br>1) **TRADEMARK INFRINGEMENT;**<br>2) **FEDERAL UNFAIR COMPETITION; AND**<br>3) **STATUTORY AND COMMON LAW UNFAIR COMPETITION** |

AAF Nation, LLC ("AAF" or "Plaintiff") brings this suit for trademark infringement, federal unfair competition, and common law unfair competition against M.J. Soffe, LLC. ("M.J." or "Defendant") and alleges as follows:

**THE PARTIES**

1. AAF Nation, LLC is a Maryland limited liability company with its principal place of business at 13514 Waterford Hills Boulevard, Maryland 20874.

2. Upon information and belief, M.J. Soffe, LLC is a North Carolina Limited Liability Company with its principal place of business at One Soffe Drive, Fayetteville, North Carolina 28312.

1

COMPLAINT

3. Defendant's actions alleged herein were those of itself, its agents, and/or licensees.

## JURISDICTION AND VENUE

4. This Court's jurisdiction rests upon 15 U.S.C. § 1121(a); 28 U.S.C. §§ 1338(a) & (b); and 28 U.S.C. § 1367(a).

5. This Court has jurisdiction over the federal trademark infringement and false advertising claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).

6. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and § 1367(a) as all claims herein form part of the same case or controversy.

7. Personal jurisdiction exists over the Defendant because it conducts substantial business in California and has a distribution center in California, and therefore it has sufficient contacts such that it would not offend traditional notions of fair play and substantial justice to subject Defendant to suit in this forum. Defendant purposefully directed its harmful conduct alleged below at this forum, and purposefully availed itself of the benefits of California with respect to the claims alleged herein. A substantial part of the protected intellectual property in this action exists in this district.

8. Venue in this district is proper under 28 U.S.C. § 1391 and 28 U.S.C. §1400 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## FACTUAL ALLEGATIONS

9. AAF is a veteran-owned clothing company that has developed, produced, and commercialized patriotic American-themed products.

10. AAF has an office in San Diego and sells its products nationwide, including in San Diego, California.

11. AAF was formally founded by a 100% disabled veteran in 2014. Prior

COMPLAINT

to 2014, AAF had actively developed, marketed, and used the marks at issue in this case.

12. AAF has developed a successful clothing line, including two brands of men's versatile running shorts known as SEMPER SILKIES and RANGER PANTIES. *See* Exhibits A, B.

13. Given the importance of the brands RANGER PANTIES and SEMPER SILKIES, AAF filed for U.S. trademark applications on March 13, 2015.

14. The U.S. Patent and Trademark Office assigned AAF Application Serial No. 86563263 for the RANGER PANTIES word mark and Application Serial No. 86563273 for the SEMPER SILKIES design mark (collectively, "RANGER marks").

15. M.J. opposed the RANGER marks by filing Opposition Nos. 91225613 and 91225278 with the USPTO. In doing so, M.J. admitted to its use and interest in use of both of the RANGER marks in commerce.

16. The pending trademark applications for the RANGER marks covers the following goods and services: "Clothing, namely, shorts, shirts, T-shirts, jackets, hats and caps, baseball caps and hats, button down shirts, caps, caps with visors, coats, coats for men and women, headgear, namely, hats, caps and visors, hooded pullovers, hooded sweat shirts, long sleeve pullovers, polo shirts, pullovers, short-sleeved or long-sleeved T-shirts, short-sleeved shirts, tank tops, men's and boy's underwear, namely, briefs, and athletic underwear, undershirts, sleepwear and sleep shirts, pajama tops, pajama bottoms, daywear, namely, bikinis, ladies' panties, crop tops, and leggings, halter tops, jerseys" in International Class ("IC") 025.

17. The applications for the RANGER marks have been published by the USPTO, meaning that the USPTO has found the RANGER marks to be inherently distinctive for the goods identified.

18. That is because, in fact, the RANGER marks are valid and protectable marks.

COMPLAINT

19. On information and belief, Defendant M.J. has conducted online sales and has distribution center in California.

20. On information and belief, M.J. manufactures, advertises, and sells men's running shorts known as "MJ Soffe Men's Running Short." Until recently, M.J. marketed its running shorts under its official line, XT-46. *See* Exhibit C.

21. On information and belief, M.J. has recently started using the RANGER marks in its marketing of its running shorts. *See* Exhibit D.

22. On information and belief, M.J. had first learned about AAF's SEMPER SILKIES and RANGER PANTIES sometimes between 2010 and 2012.

23. On information and belief, M.J. also publicly acknowledged AAF's SEMPER SILKIES in or around March of 2014 and complimented AAF on its work in social media.

24. On information and belief, M.J.'s Board of Directors had further learned about AAF's SEMPER SILKIES and RANGER PANTIES in or around February of 2015, had reviewed AAF's website at that time, and had decided to deliberately compete with AAF by using AAF's successful RANGER marks for its own products.

## **FIRST CAUSE OF ACTION**
## **TRADEMARK INFRINGEMENT**
### **(15 U.S.C. § 1125 *et seq.*)**

25. AAF incorporates by reference all other paragraphs contained in this Complaint.

26. AAF's RANGER marks are inherently distinctive.

27. AAF's RANGER marks have achieved market penetration throughout the United States and, at a minimum, in California.

28. AAF substantially used its RANGER marks in commerce before M.J. used the RANGER marks. Its market penetration was prior to M.J.'s first use of the infringing RANGERS marks.

4

COMPLAINT

29. M.J.'s RANGER marks are identical or substantially similar in sound, appearance and meaning to AAF's RANGER marks.

30. M.J. has used the RANGER marks or confusingly similar variations of them, in connection with the sale, offering for sale, distribution or advertising of goods and/or services that are related to and directly compete with AAF's services.

31. The use of the Ranger marks by M.J. is likely to cause confusion with AAF's RANGER mark for reasons including, but not limited to:

    a. The RANGER marks are inherently distinctive;

    b. The RANGER marks are nearly identical in sight, sound and meaning;

    c. Upon information and belief, evidence of actual confusion exists and continues to permeate AAF's marketing efforts, with consumers indicating a lack of appreciation for the differences between the two trademarks; and

    d. M.J. intends to directly compete with AAF online and in physical store locations.

32. M.J.'s wrongful use of the RANGER marks constitutes trademark infringement of AAF's RANGER marks, has caused significant confusion in the marketplace, and is likely to cause both confusion and mistake, along with being likely to deceive consumers.

33. M.J.'s infringement of AAF's marks was willful and with knowledge that its use of the RANGER marks would or was likely to cause confusion and deceive others.

34. As a direct and proximate result of M.J.'s trademark infringement, AAF has been damaged within the meaning of 15 U.S.C. § 1125 *et seq*.

35. AAF has suffered damages in an amount to be established after proof at trial.

COMPLAINT

36. AAF is further entitled to disgorge M.J.'s profits for its willful sales and unjust enrichment.

37. AAF's remedy at law is not adequate to compensate for injuries inflicted by M.J. Thus AAF is entitled to temporary, preliminary, and permanent injunctive relief.

## SECOND CAUSE OF ACTION
## FEDERAL UNFAIR COMPETITION
## (15 U.S.C. § 1125 *et seq.*)

38. AAF incorporates by reference all other paragraphs contained in this Complaint.

39. M.J has committed acts of unfair competition under 15 U.S.C. § 1125 *et seq.*, including the practices and conduct referred to above. Not only does the conduct alleged constitute trademark infringement, but M.J.'s online marketing also purposefully attempts to heighten the likelihood that consumers will be confused, and an inaccurate appearance of affiliation will be created.

40. As a direct and proximate result of M.J.'s wrongful acts, AAF has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill. As such, AAF's remedy at law is not adequate to compensate for the injuries inflicted by M.J. Accordingly, AAF is entitled to temporary, preliminary, and permanent injunctive relief.

41. By reason of such wrongful acts, AAF is and was, and will be in the future, deprived of, among others, the profits and benefits of business relationships, agreements, and transactions with various third parties and/or prospective business relationship. M.J. has wrongfully obtained profit and benefits instead of AAF. AAF is entitled to compensatory damages and disgorgement of M.J.'s said profits, in an amount to be proven at trial.

COMPLAINT

# THIRD CAUSE OF ACTION

## STATUTORY (Cal. B&P 17200 *et seq.*) AND COMMON LAW UNFAIR COMPETITION

42. AAF incorporates by reference all other paragraphs contained in this Complaint.

43. By offering virtually identical services under a virtually identical mark, M.J. has passed off its services as those of the senior user, AAF.

44. M.J. has committed acts of unfair competition, including the practices and conduct referred to in this Complaint. These actions constitute unlawful, unfair or fraudulent business acts or practices, and/or unfair, deceptive, untrue or misleading business practices. The actions were done in connection with sales or advertising.

45. As a direct and proximate result of M.J.'s wrongful acts, AAF has suffered and continues to suffer substantial pecuniary losses and irreparable injury to its business reputation and goodwill. As such, AAF's remedy at law is not adequate to compensate for injuries inflicted by M.J. Accordingly, AAF is entitled to temporary, preliminary, and permanent injunctive relief.

46. By reason of such wrongful acts, AAF is and was, and will be in the future, deprived of, among other damages, the profits and benefits of business relationships, agreements, and transactions with various third parties and/or prospective business relationships. M.J. has wrongfully obtained profit and benefits instead of AAF. AAF is entitled to compensatory damages and disgorgement of M.J.'s said profits, in an amount to be proven at trial.

47. Such acts, as alleged above, were done with malice, oppression and/or fraud, thus entitling AAF to exemplary and punitive damages.

WHEREFORE, Plaintiff demands the following relief for each cause of action unless otherwise noted:

1. A judgment in favor of AAF and against M.J. on all counts;

2. A preliminary and permanent injunction from trademark infringement and unfair business practices by M.J.;

3. Damages in an amount to be determined at trial;

4. M.J.'s unjust enrichment and/or disgorgement of M.J.'s profits;

5. Trebling of damages for willful infringement and unfair competition;

5. Exemplary and punitive damages (except as to relief for Cal. B&P 17200 *et seq.*);

6. Pre-judgment interest at the legally allowable rate on all amounts owed;

8. Costs and expenses;

9 Attorney's fees and other fees under, among others, 15 U.S.C. § 1117(a) *et seq.* as an exceptional case;

10. Opposition Nos. 91225613 and 91225278 to be dismissed and federal registrations for AAF's RANGER marks to be allowed to proceed to registration;

11. Restitution; and

12. Such other and further relief as this Court may deem just and proper.

Dated: August 12, 2016         MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

By /s/ Andrew D. Skale, Esq.
    Andrew D. Skale, Esq.
    Natalie A. Prescott, Esq.

    Attorneys for Plaintiff
    AAF Nation, LLC

COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all issues that are so triable.

Dated: August 12, 2016

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO PC

By /s/ Andrew D. Skale, Esq.
    Andrew D. Skale
    Natalie A. Prescott

    Attorneys for Plaintiff
    AAF Nation, LLC

56599102v.1

9

COMPLAINT